This is Walker Place v. Mr. Watts for the appellant, Ms. Soucy and for the appellant, Mr. Schurter. May it please the court, counsel. My name is Miranda Soucy and I represent Walker Place, the appellant. The court has asked counsel to address the issue of jurisdiction, and I would like to address that issue first, and if necessary, then the substantive issues. It is the plaintiff's firm belief that this matter should be remanded to the trial court for lack of jurisdiction. On August 13th, 2009, the trial court granted the defendant's motion to dismiss for want of prosecution. The defendant and his counsel were then ordered to draft a written order. Following the hearing, a docket order was entered for the benefit of the clerk, which referenced no language that would have excused the defendant's obligation to draft the written order. As we are all aware, under Supreme Court Rule 271, the defendant, who was the prevailing party in this matter, should have prepared and presented a written order to be entered unless excused by the trial court. No written order in this case was ever entered. Rule 271 is clear. As no written order was ever entered under 271, this matter should be remanded for lack of jurisdiction and the matter set for trial. In terms of the actual substantive matters at issue here, it is the plaintiff's contention that the trial court committed abusive discretion when it dismissed the As we are all aware, the dismissal for want of prosecution is error unless the plaintiff is guilty of an inexcusable delay. The three factors the courts look at when determining whether there is an inexcusable delay are satisfactory explanation for the delay, no intentional or willful disregard of court order, and no prejudice to the opposing party. At the August 13th trial, the plaintiff presented to the trial court with a satisfactory explanation, that the parties were working on a settlement over the course of the years prior, and that the plaintiff was, in fact, ready for trial following all of the discovery. This was not an inexcusable delay, and the trial court never brought the case up for trial. In fact, the plaintiff did set it for trial after the defendant filed their motion to dismiss. The plaintiff and the defendant were working on a settlement and it just never reached fruition. Once the plaintiff realized that the defendant's next move was to set it for a motion to dismiss for want of prosecution, the plaintiff then set it for trial. This is a $2,500 case. Yes, Your Honor. And we're messing around with a $2,500 case for five years with no resolution whatsoever? I understand that, Your Honor. While $2,500 to us might seem like a minimal amount to the parties, it was obviously significant. There's no excuse for the fact that it took so long to try to reach a settlement. However, the settlement in and of itself is not an inexcusable delay during that period of time. The plaintiff was ready for trial. I believe both parties were ready for trial. But you never told the court you were ready for some year. True. Before that August 13th date, the plaintiff had not told the trial that they were ready. But on that date, they were set for trial and were ready to proceed on that date. The trial would have taken a mere hour or two. There was no evidence of any type of prejudice in the record to the defendant. And up until that point, the plaintiff had never engaged in an intentional or willful disregard of a court order. Well, the point of our questions about that is that we've all three been trial judges for some period of time. And we are told by the Supreme Court, and not so much as a rule, but in terms of the expectations of trial judges, trial judges are supposed to move their dockets. And frankly, the judicial system doesn't necessarily trust lawyers to move their own cases. We have to provide some impetus to the lawyers to move their cases. This case never moved. That's true. And it was never brought up to call by the trial court. But I'm sure that if it had prior to that, the parties would have been prepared to move forward. However, that never happened. And as you can see, sometimes you cannot trust the attorneys to move the case forward on their own. On the date in question, the plaintiff was prepared to move forward. They were working on a settlement prior to that, and they were ready for trial. There's nowhere in the record that it showed that there was an intentional or willful disregard or some sort of prejudice to the defendant. All the plaintiff could do was show that they were ready for trial and explain that prior to that date, they were working on a settlement. But you have no excuse for not calling it for trial, other than your statement, we were trying to settle it. That is correct, Your Honor. That's hardly a good reason for all these years to do that. While that may be your opinion that it was not a good reason, it is the plaintiff's belief that that was an excusable reason for delaying over the course of those three years. As we're all aware, many cases do settle. That is the point of trying to move the cases along is to try to get the parties to get all the information in their hands so that they can come to a settlement and resolve things without the need for a trial. Usually what triggers a settlement is a notice of hearing. And unfortunately in this case, that did not happen. The parties were unable to come to an agreement, perhaps arguing over pennies in this case. However, it was not an inexcusable delay. As I have explained, the parties were working on a settlement. They were ready for trial. There is no inexcusable delay in this case, no unintentional or willful disregard, and no prejudice to the defendant. Accordingly, it is the plaintiff's position that the trial court committed abusive discretion and the matter should be remanded to the trial court and set for trial. In terms of the motion to reconsider, I know that was another issue in this case. It is the plaintiff's contention as well that the trial court committed abusive discretion when it denied the plaintiff's motion to consider. During that motion to consider, the plaintiff brought forth newly discovered evidence and the trial court did not take that into account. The plaintiff additionally brought forth new law that was not in front of the trial court at that time. Accordingly, it is the plaintiff's position that the case should be sent back to the trial court and remanded for abusive discretion on the motion to consider. That is all. Thank you. Alright, thank you. Mr. Sugar? Thank you. May it please the court, counsel. When I received the court's instruction that it would like to hear on the issue of jurisdiction, admittedly I looked at it apparently a little differently than the appellant in trying to determine what the court was looking for. And where I ended up at is at Supreme Court Rule 287B, which in part states that no motion shall be filed in small claims cases without prior leave of the court. In doing that, it led me to my research. A decision from this court, Boland v. Sosamin, a 1989 case, 181 Illinois App 3rd, 442, which specifically addressed the issue. And in that states, page 445 of that decision, in small claims cases, post-trial motions may not be filed without leave of court. Based on that, I believe if the court reviews the docket from the Vermillion County, that they will see that there was no motion for leave to file their post-trial motion. And therefore, I viewed it as, looking at this case, the court only found that it had jurisdiction because a motion for leave had been filed with the motion for reconsideration. In this case, there was no motion for leave. And based on Rule 287B, I would suggest to this court that as a result, the 30-day time limit for filing the Notice of Appeal actually should have ran starting August 13, 2009, when the motion to dismiss was granted. And in fact, the 30 days should have begun then. So the filing of the Notice of Appeal on April 28, 2010, when the motion for reconsideration was finally ruled upon, was well beyond the time limit for having filed the Notice of Appeal, and this court doesn't have jurisdiction as a result. Does Countryman help you? Pardon? Does the Countryman case help you? Your Honor, I believe that the essence of our case comes down to that there are three reasons for dismissing a case on want of prosecution. And the first one is that there's a satisfactory explanation for delay, as indicated in Countryman. I believe in this case, even if there was no willful disregarding of the court's orders or no prejudice in further postponement, there simply is no satisfactory explanation for the delay. We've heard that there was settlement negotiations going on. If that were the case, it could have been presented at the time of the motion for dismissal of want of prosecution, or certainly during the motion for reconsideration, but there's absolutely no evidence in the record of a letter from any attorney, any attorneys between each other, any phone calls, any indications. There's just this amorphous settlement negotiations were going on. And quite simply, as the court even noted in its August 13th hearing, that this is a case that's gone on too long and that they used to have docket calls where they would simply go through and dismiss these cases or notice to the parties that they would, and that's what probably should have happened in this case. So the court was merely doing what it appears to me, in ruling on this case, was merely doing what it considers it could have done on its own, perhaps even a year or two before, as this case was never moving. So I think, number one, I would just summarize the appellee's position as simply, this court doesn't have jurisdiction as a result of the failure to timely file a notice of appeal, and if it does, there's certainly no evidence that the trial court abused its discretion in finding that there was no excusable delay for the extended time, the three-year time period, to, as counsel's indicated, it would probably be a one-hour case, and they had three hours to set it for trial and it was never set for trial. It was allowed to just languish on the docket. There was no trial setting until it miraculously appeared once the motion to dismiss for want of prosecution was filed. Thank you, Your Honor. Thank you. Rebuttal? Just briefly, Your Honor. Counsel mentioned that the court could have previously set a docket call and dismissed the case on their own. As we are all aware, when the courts do that, they provide notice to the parties so that you may show up and explain or accept the matter for hearing. In this case, the plaintiff was never given that opportunity. It was simply a motion to dismiss and the court allowed the motion to dismiss. The plaintiff was never given notice to set it for trial and to kind of understand where the court was thinking. As for the failure to timely file the notice of appeal, it's the plaintiff's position that Supreme Court Rule 271 is the main issue of jurisdiction in this case and that the matter should be remanded for lack of jurisdiction and the matter set for trial. Thank you. Thank you. We'll take this matter under advisement and stand in recess until the readiness of the next case.